DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

NEAL C. HONG (ILBN 6309265)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7246
    Neal.Hong@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR 17-00604 CRB |
| Plaintiff, | ) |
| v. | ) UNITED STATES' SENTENCING MEMORANDUM |
| BENJAMIN ALFRED MARTIN, | ) |
| Defendant. | ) |

**INTRODUCTION**

For the reasons set forth below, the United States respectfully recommends that the Court sentence Defendant, Benjamin Alfred Martin, to a term of imprisonment not to exceed 36 months.

**BACKGROUND**

Defendant and Bill John Lockhart, Defendant's co-defendant and ex-boyfriend, lived together in an apartment in San Francisco. PSR ¶ 10. Sometime in late March 2017, Lockhart admitted to Defendant that he was addicted to child pornography. *Id*. at 14. Rather than reporting Lockhart, Defendant aided and abetted Lockhart's possession of child pornography. *Id*. Defendant counseled Lockhart on how to use computer technology in furtherance of Lockhart's possession, including moving child pornography

1   files from a virtual machine in a way that preserved the files and avoided their deletion. *Id*. Defendant
2   was aware that the child pornography was on multiple electronic devices in their apartment. *Id*.

3   On May 10, 2017, Law enforcement arrested Defendant and Lockhart. *Id*. at 6. Law enforcement
4   reviewed their electronic devices. During a forensic review of Lockhart's Sandisk thumb drive, an
5   examiner located 194 videos and 150 images of child pornography. *Id*. at 17. The examiner found over
6   30 videos and 120 images of child pornography on a Data Traveler thumb drive. *Id*. All of the videos
7   and images depicted prepubescent minors engaged in sexual acts. *Id*. Several files depicted infants being
8   raped. *Id*. The Sandisk thumb drive contained several document files that had descriptive narratives of
9   child abuse and exploitation. *Id*. One file described how to groom and molest children, and how to avoid
10  detection by law enforcement. *Id*. Law enforcement found hundreds of images and videos of child
11  pornography involving children as young as several months old to the age of 10 on a Lenovo laptop
12  belonging to Defendant. *Id*. at 18.

13  Lockhart pled guilty to possession of child pornography, and the Court sentenced him to 36 months
14  of imprisonment and five years of supervised release. PSR ¶ 5. On May 3, 2019, Defendant pled guilty
15  to a one-count Superseding Information charging Defendant with a violation of 18 U.S.C. §§
16  2252(a)(4)(B) and (b)(2) and 2 – Aiding and Abetting the Possession of Child Pornography. *Id*. at 2.

17  **ARGUMENT**

18  Defendant aided and abetted Lockhart in committing a serious crime—possession of child
19  pornography. "[A]n aider and abettor is a principal and can be punished as such." *United States v. Bryan*,
20  483 F.2d 88, 95 (3d Cir. 1973). Possession of child pornography is a serious offense. "Photographs and
21  films showing juveniles engaged in sexual activity is intrinsically related to the sexual abuse of children,
22  because this documentation is a permanent record of the children's participation." *United States v.*
23  *Blinkinsop*, 606 F.3d 1110, 1117 (9th Cir. 2010) (internal quotations omitted). "The children involved in
24  pictorial and cinematic pornography additionally endure ongoing harm because their images have been
25  preserved in a permanent medium." *Id*.

26  Defendant is not as culpable as Lockhart, but he still played a role in spreading these enduring
27  images of harm. Lockhart was involved with child pornography years before he met Defendant.
28

Approximately six weeks before Defendant was arrested, Lockhart revealed to Defendant that he was involved in collecting and distributing child pornography. Instead of going to law enforcement or simply leaving Lockhart, Defendant chose to aid Lockhart in obtaining and maintaining his collection of child abuse.

Defendant was fully capable of leaving Lockhart. He does not suffer from a lack of cognitive ability. Despite not completing a college degree, Defendant taught himself engineering and has been working full-time as an engineer for several years. PSR ¶¶ 86-94. Nor did Lockhart force Defendant to aid him. Indeed, "Lockhart was scared, did not know what to do, and felt the defendant would leave him." *Id*. at 63.

Defendant stated to Probation that "he felt he should be understanding since Mr. Lockhart was about his methamphetamine use." *Id*. But Defendant did more than try to understand Lockhart—he helped him to possess child pornography. Defendant's choice further memorialized the suffering of children.

The Court should hold Defendant accountable for his actions because the nature and circumstances of the offense is serious. Defendant also needs to be held accountable because "possessing child pornography…fuels the demand for the creation and distribution of child pornography." *United States v. Daniels*, 541 F.3d 915, 924 (9th Cir. 2008). Holding Defendant accountable will deter others from possessing child pornography and aiding and abetting those involved in child pornography.

"General deterrence is crucial in the child pornography context" because "[y]oung children were raped in order to enable the production of the pornography that the defendant both downloaded and uploaded....The greater the customer demand for child pornography, the more that will be produced. Sentences influence behavior, or so at least Congress thought when in 18 U.S.C. § 3553(a) it made deterrence a statutory sentencing factor. The logic of deterrence suggests that the lighter the punishment for downloading and uploading child pornography, the greater the customer demand for it and so the more will be produced." *United States v. Robinson*, 669 F.3d 767, 777 (6th Cir. 2012). Indeed, "child pornography begets more child pornography," which "inflames the desires of child molesters, pedophiles, and child pornographers who prey on children." *United States v. McCalla*, 545 F.3d 750, 756 (9th Cir.

2008).

## CONCLUSION

For the reasons stated above the United States respectfully recommends that the Court sentence Defendant to a term of imprisonment not to exceed 36 months.

Dated: November 5, 2019

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

/s/
NEAL C. HONG
Assistant United States Attorney